**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Paul T. Billiard,
**Petitioner Below, Petitioner**

**vs.)  No. 21-0802** (Kanawha County 20-AA-64)

**Allan L. McVey, Insurance Commissioner,** [1]
**State of West Virginia**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Paul T. Billiard appeals the Circuit Court of Kanawha County's September 2, 2021, order affirming the June 18, 2020, order from the Office of the Insurance Commissioner ("the Commissioner") revoking petitioner's insurance producer license, imposing a monetary penalty, and ordering that petitioner pay the costs of the proceedings.[2] The Commissioner's order was based on his application of West Virginia Code § 33-12-24(b)(8) and (9) to find that petitioner committed fraud when he pursued claims against two different insurance policies for damages arising from the same occurrence.

This is an administrative appeal, and our review is governed by the same statutory standard applied to the circuit court's consideration of this matter. As we explained in Syllabus Point one of *Muscatell v. Cline,* 196 W. Va. 588, 474 S.E.2d 518 (1996):

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

---

[1] Insurance Commissioner Allan L. McVey replaced the former commissioner as the named party. *See* W. Va. R.A.P. 41(c) ("When a public officer . . . ceases to hold office, the action does not abate and the public officer's successor is automatically substituted as a party. . . .").

[2] Petitioner is represented by Elgine Heceta McArdle, and respondent is represented by Jeffrey C. Black.

Petitioner's first assignment of error is that the circuit court erred in affirming the administrative decision allegedly misconstruing the plain meaning of "pretrial" as it is used in West Virginia Code § 33-12-34(b). That statute provides, in relevant part: "Within thirty days of the initial pretrial hearing date, a producer shall report to the insurance commissioner any criminal prosecution of the producer taken in any jurisdiction." Petitioner appeared before a magistrate in December of 2017, and the record indicates that a plea hearing was set for January 2, 2018, in addition to the scheduling of a preliminary hearing multiple times. In the recommended decision of the hearing examiner, which was adopted by the Commissioner, examiner stated that the statute requires "a producer must report any criminal charge to the [] Commissioner within thirty days of the pretrial hearing date. In the instant matter, [petitioner] did not have a pretrial, but did have several hearing dates set." The Commissioner went on to find that "a reasonable interpretation of the statute is that [petitioner] must report the criminal charge within thirty days of the date when the pretrial is set and it does not require that the hearing be held. While it is true that [petitioner] is innocent until proven guilty, what would be the reason why [petitioner] should not report the charge since reporting the charge is not an admission of guilt." In concluding that petitioner failed to comply with this statutory requirement, the hearing examiner specifically found that "since the plain reading of the [s]tatute is that a producer must have to report the criminal charge until thirty days of a pretrial, the Commissioner proved that [petitioner] violated" the statute. As this Court has found, "'"[i]nterpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous." Syl. Pt. 4, *Security Nat'l Bank & Trust Co. v. First W. Va. Bancorp.,* 166 W.Va. 775, 277 S.E.2d 613 (1981).' Syllabus Point 3, *Corliss v. Jefferson County Bd. of Zoning Appeals,* 214 W.Va. 535, 591 S.E.2d 93 (2003)." Syl. Pt. 2, *Far Away Farm, LLC v. Jefferson Cnty. Bd. of Zoning Appeals*, 222 W. Va. 252, 664 S.E.2d 137 (2008). Petitioner has failed to show that the Commissioner's order was clearly wrong with regard to its interpretation and application of the West Virginia Code § 33-12-34(b). Therefore, we find no merit to this assignment of error.

In his second assignment of error, petitioner argues that the circuit court abused its discretion in affirming the Commissioner's order because the evidence presented at the administrative hearing did not support a finding of fraud.[3] Because the revocation of petitioner's license was based on a finding that he committed fraud, we note that, at the time relevant to this discussion, West Virginia Code § 33-41-11(a) (2007) provided:

---

[3] Due to petitioner's failure to cite to the appendix record at any point in this section of his brief and his failure to properly cite law in support of his arguments, we remind petitioner of the mandates of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure:

> The brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Any person who knowingly and willfully and with intent to defraud submits a materially false statement in support of a claim for insurance benefits or payment pursuant to a policy of insurance or who conspires to do so is guilty of a crime and is subject to the penalties set forth in the provisions of this section.

Petitioner generally asserts that his administrative hearing was peppered with a myriad of unsubstantiated claims but acknowledges that "the evidence presented at the hearing indicated that [he] failed to reveal the full extent of his claim submissions between" his own insurance policy and a policy held by another driver. However, he argues that he did not accomplish criminal fraud because neither insurance company pursued criminal charges against him and he returned insurance proceeds that he received from his own insurer. We find that argument unavailing. The applicable standard does not require a criminal conviction to support a license revocation. West Virginia Code § 33-12-24(b)(8) requires that the licensee be "found" to have committed "any insurance unfair trade practice or fraud[,]" and West Virginia Code § 33-12-24(b)(9) requires that the licensee used "fraudulent, coercive, or dishonest practices, or demonstrate[d] incompetence, untrustworthiness or financial irresponsibility" in business. The Commissioner's decision to revoke petitioner's producer's license is based on the fact that petitioner submitted a material and false "hit-and-run" claim to his insurer, despite having previously acknowledged a separate claim with the insurer of the driver and vehicle who damaged petitioner's property. Petitioner did not and does not point to any explanation in the record as to why he provided different dates for the damage to his single trailer to two insurance companies or why he failed to inform either insurance company about the claim filed with the other company. Throughout the proceedings, petitioner has ignored the fact that he filed suit against the other driver while continuing to pursue a claim with his own insurance company. Therefore, we find that petitioner has failed to show that the Commissioner's order or the circuit court order affirming the same on this basis was clearly wrong.

In his third assignment of error, petitioner argues the cumulative effect of the errors resulted in the imposition of a penalty that is excessive in light of his "unblemished record in twelve years of writing insurance."[4] Under the same facts and analysis set forth above, it is clear that petitioner engaged in fraudulent and dishonest practices and demonstrated financial irresponsibility. Thus, petitioner has failed to show that the Commissioner's decision or the circuit court's affirmance of that decision was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[5] We, therefore, find that the circuit court did not err in finding

---

[4] Petitioner wholly fails to cite to the record in this section of his brief in continuing violation of Rule 10(c)(7) of the West Virginia Rules of Civil Procedure.

[5] West Virginia Code § 29A-5-4(g) provides, in relevant part:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are: . . . (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

that the Commissioner acted within his discretion in revoking petitioner's insurance producer's license, levying a civil penalty, and ordering that petitioner pay the costs of the proceedings before the Commissioner. Based upon this finding, we also conclude that there was no cumulative effect of the alleged errors.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton


Bunn, Justice, dissenting:

I dissent to the majority's resolution of this case because I would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the briefing in this matter, as well as the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.